IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 20-05027-01-CR-SW-MDH |
| QUENNEL A. YOUNG, | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's Motion for Leave to File Motion to Dismiss. (Doc. 45.) This action was referred to the Magistrate Judge to prepare a report on all pretrial motions to dismiss the indictment. (Doc. 66.) For the reasons set forth herein, the Report and Recommendation is adopted, and the motion for leave is **DENIED**.

## I. Background

The findings contained in the Report and Recommendation are incorporated herein. On May 21, 2021, Defendant, through his attorney at the time, Stuart Huffman, filed the motion for leave at issue. (Doc. 45.) He moves for leave to file a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3) out of time. One week later, on May 28, 2021, Defendant filed the Motion to Dismiss at issue.[1] (Doc. 46.) In the motion for leave, Defendant states that during a previous suppression hearing, "testimony was provided that was not included in the initial discovery" and that the "Dash Camera of the Highway Patrol Officer supports such motion as well." (Doc. 45 at 1.) In his reply in support of the motion for leave, Defendant adds that the police reports "did not mention communication that law enforcement had with Defendant's prior counsel." (Doc. 51 at 2.)

---

[1] The motion to dismiss was untimely and was filed without leave to do so. Accordingly, it was denied without prejudice. (Doc. 48.)

On September 1, 2021, Abram McGull entered his appearance as attorney for Defendant, and Mr. Huffman was granted leave to withdraw as attorney for Defendant. On September 8, 2021, the Magistrate Judge conducted a hearing on the motion for leave. (Doc. 63.) The Government appeared by Assistant United States Attorney Cameron Beaver, and Defendant appeared in person with Mr. McGull. *Id*.

II.     **Facts and Proposed Motion to Dismiss**

The one-count Indictment charges that Defendant "knowingly and intentionally possessed, with the intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), arising from a vehicle stop that occurred on July 26, 2020. (Doc. 13.) On October 19, 2020, Defendant appeared for arraignment and the Magistrate Judge issued a Scheduling and Trial Order which set a clear and unambiguous deadline of November 9, 2020, for any relevant pretrial motions, including motions to dismiss pursuant to Rule 12(b)(3). (Doc. 19.) On the same date, Mr. Huffman filed a written Entry of Appearance on behalf of Defendant. (Doc. 21.) Also on October 19, 2020, the Government provided or made available to Mr. Huffman initial discovery, including all law enforcement reports and a copy of the in-car dash camera video of the vehicle stop. (Doc. 49-1, doc. 65 at 2.)

In the proposed motion to dismiss, Defendant summarizes the allegations against him as follows. On July 26, 2020, he was driving on Interstate 44, when he was stopped by Corporal T.A. Barrett of the Missouri State Highway Patrol. (Doc. 46 at 2.) Cpl. Barrett searched the vehicle and found two duct-taped bundles of suspected narcotics under the lid liner of the trunk lid. *Id*. at 3. Three additional duct taped bundles of suspected narcotics were found in the vehicle's center

2

console factory void during a more thorough search conducted later. *Id*. at 4. Two of the five bundles tested positive for methamphetamine. *Id*. at 5.

Defendant then alleges that "[t]here is not any independent evidence that [he] knew of the alleged methamphetamine." *Id*. at 6. Thus, he seeks dismissal on the basis that "the Government cannot show as a matter of law that [Defendant] had knowledge or possessed the alleged methamphetamine from the vehicle." *Id*. at 7.

In support, Defendant points to the dash camera video of the stop, which he alleges shows that one of the duct-taped bundles found in the lid liner of the trunk lid was in a clear bag. *Id*. at 3. Defendant contrasts the video with Cpl. Barrett's report of the incident, which Defendant claims states the bundle was in a "WSS bag." *Id*. Defendant argues this discrepancy "was an attempt to link Defendant to the alleged methamphetamine" and "should go against the weight and credibility of" Cpl. Barrett. *Id*.

Defendant also refers to an alleged phone call made during the stop to Defendant's attorney at the time, Nicholas Mudd. *Id*. Defendant states that this phone call was not referenced in the incident reports. He claims that during the phone call, "Mr. Mudd was told by the officers that they knew the drugs were not [Defendant's] but they wanted to know where it came from or where it was going," the officers referred to Defendant as a "mule/courier," and Mr. Mudd overheard Defendant telling the officers that he did not know the drugs were in the vehicle. *Id*.

At the hearing, Defendant and the Government agreed that whether Defendant "knowingly" possessed the methamphetamine is an element of the offense as charged. (Doc. 65 at 3.) Mr. McGull further stated, "that's an element of the offense that the Government has to prove beyond a reasonable doubt." *Id*.

3

### III. Discussion

Motions to dismiss an indictment for failure to state an offense "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(v). The court may set a deadline for pretrial motions. Fed. R. Crim. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011).

#### a. Cause

First, the Magistrate Judge finds that Defendant has failed to show cause to justify the untimeliness of the proposed motion to dismiss. The motion for leave was filed on May 21, 2021, over six months after the November 9, 2020, deadline for pretrial motions. Further, it is undisputed that the Government provided all relevant discovery in its possession, including all law enforcement reports and a copy of the in-car dash camera video of the vehicle stop as referenced in the proposed motion to dismiss, on October 19, 2020. As for the purported phone call on the date of the incident, the existence and substance of this phone call were clearly known to both Defendant, who was present, and his attorney at the time, Mr. Mudd, who was a party to the call. Accordingly, Defendant's proposed motion to dismiss is not based on new evidence. Rather, it is premised entirely on information that was reasonably available to him well before the November 9, 2020, deadline.

4

Despite this, Defendant did not move to dismiss until over six months later. The reason given for this delay appears to be that Defendant now desires to raise this issue. However, the desire to file a pretrial motion "[is] not by [itself] sufficient to establish good cause." *Trancheff*, 633 F.3d at 698; *see also United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006) (affirming trial court's denial of motion to extend deadline to file motion to suppress, filed three months after the deadline set by the court, nearly two months after newly retained counsel had entered the case, and only three weeks before the trial was set to commence.) Here, Defendant chose to not raise this issue until over six months after the deadline for pretrial motions, apparently because he wants to do so now, which is an insufficient reason. Therefore, Defendant has not shown cause for his untimeliness.

### b. Prejudice

Even if Defendant has shown sufficient cause for the untimeliness of the proposed motion to dismiss, he has clearly failed to show any prejudice should leave be denied. A challenge to an indictment based on sufficiency of the evidence should be filed during trial, at either the close of the government's case in chief or at the close of the evidence presented. Fed. R. Crim. P. 29(a). Sufficiency of the evidence issues cannot be taken up prior to trial. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). "The courts have recognized ... that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence." *United States v. Eddy,* No. 11-00302-02-CR-W-DW, 2013 WL2152997 at *2 (W.D. Mo. May 16, 2013) (citing *Ferro,* 252 F.3d at 968). If an indictment contains a facially sufficient allegation, federal criminal procedure does not provide for a pretrial determination of sufficiency of the evidence. *Id.* (citing *United States v. Critzer,* 951 F.2d 306, 307–08 (11th Cir. 1992)). Instead, a pretrial motion must be based on some defect appearing on the face of the challenged indictment.

5

*Id.* (citing *United States v. Mann,* 517 F.2d 259, 266–67 (5th Cir. 1975) (stating that an indictment is to be tested not by the truth of its allegations, but by its sufficiency to charge an offense, because the allegations in the indictment must be taken as true)).

In the proposed motion to dismiss, Defendant does not allege any defect appearing on the face of the indictment. Rather, he claims "the Government cannot show as a matter of law that [he] had knowledge or possessed the alleged methamphetamine from the vehicle." However, whether the alleged discrepancy between Cpl. Barrett's report and the dashcam video regarding the nature of the plastic bag in which one of the bundles of methamphetamine was found "should go against the weight and credibility of the Officer" is a question for the finder of fact and cannot be determined without a trial on the merits. Likewise, as for the alleged statement made by the officers to Mr. Mudd that "they knew the drugs were not [Defendant's] but they wanted to know where it came from or where it was going" and the alleged reference to Defendant as a "mule/courier," whether these statements were made and, if so, what they mean, are also factual determinations to be made at a trial on the merits. A pretrial motion to dismiss is not the proper medium for such attacks, and denial of leave will in no way preclude Defendant from raising these challenges to the sufficiency of the Government's evidence during the trial. Accordingly, Defendant has failed to show prejudice should leave be denied.

In summary, Defendant has shown neither cause for the untimeliness of the motion to dismiss, nor prejudice should leave to file be denied. As a result, Defendant has failed to show good cause to grant leave to file the proposed motion to dismiss out of time. First, the basis for the proposed motion to suppress was reasonably available by the deadline to file pretrial motions, and Defendant has failed to show cause for his failure to move to dismiss in a timely manner. Second, Defendant has failed to show prejudice, as the basis for the proposed motion to dismiss,

6

Case 3:20-cr-05027-MDH    Document 69    Filed 10/14/21    Page 6 of 7

the sufficiency of the evidence against him, may, and may only, be determined at a trial on the merits.

## **CONCLUSION**

Based on the foregoing, the Court concludes that Defendant has not shown good cause for failing to timely the proposed motion to dismiss. Therefore, the Report and Recommendation is adopted, and Defendant's Motion for Leave to File Motion to Dismiss out of time is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 14, 2021         */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **United States District Judge**