# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **QUENNEL A. YOUNG**, <br><br> Defendant. | Case No. 20-05027-01-CR-SW-MDH |

## PRELIMINARY ORDER

Before the Court are Defendant's Motion in Limine (Doc. 74) and Defendant's Objection (Doc. 85) to the Government's Notice of Intention to Rely on Other Acts of a Similar Nature (Doc. 83). Defendant's objection is **SUSTAINED IN PART AND DENIED IN PART** in part.

Defendant's motion to exclude evidence or statements about any prior arrests or convictions of the Defendant is **SUSTAINED**, unless or until the Defendant chooses to testify.

Defendant's motion to exclude evidence or statements about uncharged conduct, namely references to marijuana, marijuana smoking, and jars of marijuana found in Defendant's backpack in the interior of his rental vehicle is **SUSTAINED.** Upon request, the Court will advise the jury that law enforcement's actions in stopping Defendant's vehicle and the subsequent search of it were lawful.

Defendant's motion to exclude evidence, statements, and photos found on the Defendant's phone is **SUSTAINED IN PART AND DENIED IN PART**. The text messages contained in the Government's Notice (Doc. 83) are generally admissible. However, text messages # 1533, 1532, 1531, 1442, 1437, 1391, 379, 262, 250, 247, 181, 173, 170, 169, 166, 165, 144, 134, 131, 130,

129, 128, 127, 125, 124, 123, 78, and 26 may not be admitted into evidence. Photographs # 85 and 11[1] (photograph depicting cash on a surface) may not be admitted. The videos taken from Defendant's iPhone XR Cellebrite may not be admitted.

Defendant's motion to exclude evidence or statements obtained by MSHP Trooper Barrett from the Defendant after the Defendant was instructed to get out of his vehicle and prior to Barrett advising the Defendant of his *Miranda* rights is **SUSTAINED IN PART AND DENIED IN PART**. Conversations or statements made strictly between the two officers as heard on the dash cam footage may not be admitted. Any statement or evidence relating to marijuana as heard on the dash cam footage may not be admitted. Any statement or evidence pertaining to airplane tickets as heard on the dash cam footage may not be admitted.

Defendant's motion to exclude any video and/or statements of the Defendant while handcuffed in the police vehicle during the trip to Trooper Headquarters is **SUSTAINED**.

The evidence prohibited by this Order shall not be subject for use by any party any statement, testimony, cross-examination, or otherwise without first approaching the bench.

**IT IS SO ORDERED**.

DATED: January 5, 2022

                                                     */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Two separate photographs are listed as # 11 in the Government's Notice.