IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-05027-01-CR-SW-MDH |
| ) | |
| QUENNEL A. YOUNG, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND ADJUDICATION ORDER

The Court held a bench trial in this matter on February 9, 2022. Defendant is charged with possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The Court finds the Government proved the following three essential elements beyond a reasonable doubt:[1]

***First***, that at on or about July 26, 2020, the defendant possessed a mixture or substance containing a detectable amount of methamphetamine. There is no dispute that the methamphetamine at issue was found within the rental vehicle that Plaintiff had control over on July 26, 2020. See Government's Exhibit #2.

***Second***, that the defendant knew that he possessed a mixture or substance containing a detectable amount of methamphetamine. Five bundles of a substance containing methamphetamine were found in Defendant's vehicle. See, e.g., Government Exhibits # 13-18. Receipts dated July 22, 2020, showed that Defendant withdrew a large amount of cash, consistent with purchase prices for a large amount of methamphetamine. Defendant no longer had a large amount of cash when he was pulled over on July 26, 2020. See Government's Exhibits #5 and 6; see also testimony of Joplin Police Dept. Detective Larry Roller. Bundles of methamphetamine found in the vehicle were wrapped in a plastic bag from a WSS store. See Government's Exhibit

---

[1] *See* Eighth Circuit Model Criminal Jury Instruction § 6.18.922A.

# 9. Defendant was also in possession of a receipt from a WSS store dated July 23, 2020. Defendant's name was on the receipt, indicating he has made a purchase at a WSS store. See Government's Exhibit # 7. This evidence establishes knowing possession.[2]

***Third***, that the defendant intended to distribute some or all of the mixture or substance containing a detectable amount of methamphetamine. The five bundles of meth retrieved from the vehicle contained a total of 2,216 grams of a substance containing methamphetamine, an extremely large amount not consistent with personal use. See Government's Exhibit #20; see also testimonies of Larry Roller and Missouri State Highway Patrol Sergeant Jamie Musche. Texts messages sent by and received by Defendant show that Defendant frequently discussed prices of methamphetamine with others, offered to sell methamphetamine, and received offers to buy methamphetamine. Other messages provided evidence that Defendant appeared to be running out of supply. See Government's Exhibits # 27. This establishes intent to distribute.[3]

***Fourth***, that the amount involved in the offense was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The parties stipulated to this element. See Government's Exhibit #20.

Defendant's argument rests on two bases: (1) that others rented the vehicle Defendant was driving prior to Defendant renting it, and the methamphetamine found may have been left in the vehicle by a previous renter; (2) others frequent WSS stores, and so the WSS bag that contained methamphetamine was acquired by a person other than Defendant. While those arguments are in the realm of possibility, the unequivocal evidence supports the conclusion the Defendant knowingly possessed the methamphetamine and wrapped one of the bundles in a WSS bag he acquired from making purchase at a WSS store.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[4] Proof

---

[2] *See* Eighth Circuit Model Criminal Jury Instruction §§ 7.03 and 8.02.
[3] *See* Eighth Circuit Model Criminal Jury Instruction § 7.05.
[4] *See* Eighth Circuit Model Criminal Jury Instruction § 3.11.

beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.[5] The Court finds beyond a reasonable doubt that Defendant committed the crime charged.

Based on the foregoing, the Court finds Defendant **GUILTY** of possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

**IT IS SO ORDERED:**

Date: February 14, 2022

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[5] *Id.*