IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 20-05027-01-CR-SW-MDH |
| QUENNEL A. YOUNG, ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion Requesting Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 139). The Government opposes Defendant's Motion for Compassionate Release. (Doc. 140). Defendant has failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits.

Defendant was sentenced to 200 months imprisonment following a bench trial finding Defendant guilty for felony violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine.

Defendant's Motion for Compassionate Release seeks to challenge two exhibits the Government presented at his trial and makes an ineffective assistance of counsel claim regarding his attorney's failure to raise a chain of custody argument. The Government argues that Defendant's Motion for Compassionate Release should be denied as Defendant has not demonstrated administrative exhaustion and that his claims are the functional equivalent of a successive habeas petition. (Doc. 140). Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not

respond to his reduction in sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*.

Here, Defendant has failed to show he has first raised his request for compassionate release or reduction in sentence request submitted to the BOP. Defendant presents no evidence that he has complied with 18 U.S.C. Section 3582(c)(1)(A) and filed his motion for Compassionate Release with the Warden. Likewise, the Government contends that the BOP has no record of a reduction in sentence request for Defendant. (Doc. 140, page 7). The Court finds that Defendant has failed to show he has exhausted his administrative remedies.

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release for failure to demonstrate the exhaustive of administrative remedies.

**IT IS SO ORDERED**.

DATED: March 4, 2025          */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**