**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**QUENNEL A. YOUNG,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:20-cr-05027-MDH-1** |

**ORDER**

Before the Court is Defendant's pro se Motion to Reduce Sentence. (Doc. 146). The Government opposes Defendant's motion. (Doc. 147). Defendant has failed to file a reply, and the time to do so has elapsed. The matter is now ripe for adjudication on the merits. For the reasons stated below, Defendant's pro se Motion to Reduce Sentence is **DENIED**.

After a bench trial on February 9, 2022, Defendant was convicted of possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Defendant was sentenced to 200 months' imprisonment followed by five years of supervised release. Defendant previously filed a pro se Motion for Compassionate Release (Doc. 139) challenging two exhibits and an additional laboratory report presented by the Government at trial, as well as arguing an ineffective assistance of counsel claim. This Court denied the motion based on Defendant's failure to exhaust his administrative remedies pursuant to 18 U.S.C. section 3582(c)(1)(A). (Doc. 141). Defendant then filed his first pro se Motion to Reduce Sentence (Doc. 142). He again mentioned the laboratory reports used at his trial, arguing that a Springfield report and a Jefferson City report contradict each other. This Court denied this motion as well, finding that

Defendant had failed to exhaust his administrative remedies under 18 U.S.C. section 3582(c)(1)(A). (Doc. 145). The Court further noted that "Defendant may not challenge the validity of his conviction in a request for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Id.*

In the present motion, Defendant contends that his sentence should be reduced under U.S.S.G. section 2D1.1. However, he then again argues about the alleged contradiction of the two laboratory reports. This amounts to a nearly identical motion to the one this Court previously denied. Defendant has once again failed to exhaust his administrative remedies pursuant to 18 U.S.C. section 3582(c)(1)(A), and he cannot challenge the validity of his conviction under the guise of a request for sentence reduction. The Court agrees with the Government that the motion should be denied for failure to identify a statutory avenue that gives this Court jurisdiction.

To the extent Defendant's motion could be liberally construed to be seeking to reduce his sentence under 18 U.S.C. section 3582(c)(2), the Court also agrees with the Government that the motion still must be denied because Defendant does not identify an amendment to the Sentencing Guidelines that is retroactively applicable to him and that would reduce his sentence.

WHEREFORE, after careful consideration of the record before the Court, Defendant's pro se Motion to Reduce Sentence is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: November 6, 2026

*<u>/s/ Douglas Harpool</u>*

**DOUGLAS HARPOOL**

**UNITED STATES DISTRICT JUDGE**